IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Desmond Bates,<br><br>Plaintiff,<br><br>v.<br><br>Scotty Bodiford,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-02300-SAC<br><br>**OPINION AND ORDER** |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. ECF No. 14. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings. For the reasons stated herein, this action is summarily DISMISSED with prejudice.

## BACKGROUND

Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. Specifically, Plaintiff alleges Defendant violated his Fourteenth Amendment rights by ignoring the medical requests and grievances he filed in the detention center's kiosk system. *Id*. at 3. After Plaintiff's Complaint was entered on the docket, the Magistrate Judge issued an Order informing Plaintiff his Complaint was subject to dismissal as drafted because he made no personal allegations against Defendant and did not satisfy any of the prongs of a medical indifference claim. ECF No. 11. Plaintiff was informed that if he failed to file an amended complaint or cure the deficiencies outlined in the Order, the Magistrate Judge would recommend his claims be dismissed with prejudice. *Id*. at 6-7. Plaintiff did not file an amended complaint.

On August 7, 2026, the Magistrate Judge issued a Report recommending Plaintiff's claims be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order. ECF No. 14. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id*. at 8. Plaintiff has not filed any objections and the time to do so has lapsed.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation modified)). Failure to timely file specific written objections to the Report will result in a waiver of the right to appeal from an Order from the Court based upon the Report. *See Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).

**CONCLUSION**

The Court has considered the record in this case, the applicable law, and the Report of the Magistrate Judge. The Court finds no clear error and thereby agrees with the recommendation of

the Magistrate Judge and incorporates it by reference. Accordingly, this action is **DISMISSED** with prejudice, without further leave to amend, and without issuance and service of process pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

United States District Judge

September 30, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.